1  PRASAD SHANKAR, In Pro Se
2  2701 East Brookshire Place, Apt. 201
   Sioux Falls, SD  57103
3  Telephone:    954.701.1113
   Facsimile:     605.334.4525
4  prasad_ms@hotmail.com

5  Plaintiff, In Pro Se

6  ROBERT J. WILGER, Bar No. 168402
   LITTLER MENDELSON
7  A Professional Corporation
   50 West San Fernando Street, 15th Floor
8  San Jose, CA  95113.2303
   Telephone:    408.998.4150
9  Facsimile:     408.288.5686
   rwilger@littler.com
10
   Attorneys for Defendant
11 HSBC TECHNOLOGY & SERVICES (U.S.A.)
   INC.
12
13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15

16 PRASAD SHANKAR,                    Case No.  CV 08 1769 JW (HRL)

17              Plaintiff,            **JOINT CASE MANAGEMENT
                                      STATEMENT**
18        v.
                                      Date:          August 25, 2008
19 HSBC, INC. and DOES 1 to 50,       Time:          10:00 a.m.
                                      Courtroom:     8, 4th Floor
20              Defendants.           Judge:         Honorable James Ware

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose  CA  95113 2303
408 998 4150

FIRMWIDE:86011251.1 023404.1053          Case No.  CV-08-1769 JW (HRL)

CASE MANAGEMENT STATEMENT

1    Plaintiff, in pro se, and counsel for Defendant HSBC Technology & Services

2 (U.S.A.) Inc. ("HSBC"), wrongfully named as HSBC, Inc. in the complaint, met telephonically on

3 July 25, 2008, and prepared the following joint report. A case management conference has been set

4 in this matter for August 25, 2008 at 10:00 a.m. in Courtroom 8, on the 4th Floor..

5    **1.    JURISDICTION AND SERVICE**

6    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is

7 being brought under the provisions of 42 U.S.C. § 2000e-5. The parties are unaware of any service

8 of process, personal jurisdiction, subject matter jurisdiction, or venue issues at this time.

9    **2.    FACTS**

10    **A.    Plaintiff's Allegations**

11    Plaintiff's form Complaint alleges that HSBC terminated and harassed him in

12 violation of Title VII of the Civil Rights Act of 1964. Plaintiff alleges that this unlawful conduct

13 was committed in retaliation for his complaints of discrimination made against his supervisors, for a

14 charge of discrimination filed with the EEOC and for his workers' compensation complaints. In

15 addition, Plaintiff claims that his termination was in retaliation for his suffering from a disability—

16 stress.

17    Plaintiff started working for HSBC on April 10, 2000. During his employment,

18 Plaintiff alleges that he was subjected to abuse by his supervisors, which he complained about to

19 HSBC's human resources department. Plaintiff claims HSBC terminated his employment on July

20 11, 2007, in retaliation for the complaints he made against his supervisors. He also claims that he

21 was terminated in retaliation for filing a charge of discrimination with the EEOC. Plaintiff seeks

22 damages, which include lost earnings and other employment benefits, emotional distress, and

23 medical expenses.

24    **B.    Defendant's Allegations**

25    HSBC terminated Plaintiff on July 11, 2007, after he made a threatening statement to

26 two fellow employees that no one could harm him and, if anyone tried, he would kill them. HSBC

27 conducted an investigation into Plaintiff's statement, concluded that he had made it and determined

28 he posed a threat to the safety of the employees. HSBC denies that Plaintiff was discriminated

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

FIRMWIDE:86011251.1 023404.1053                    Case No. CV-08-1769 JW (HRL)

**CASE MANAGEMENT STATEMENT**

1  against or harassed during his employment.  Defendant further denies that Plaintiff was terminated in
2  retaliation for his complaints about the alleged discrimination or harassment or for his alleged
3  disability.  In fact, Plaintiff never made any complaints of discrimination or harassment to human
4  resources as alleged in Plaintiff's complaint.  Likewise, Plaintiff did not file the alleged complaint of
5  discrimination with the EEOC, upon which he is basing his lawsuit, until after his termination so that
6  it could not have been the reason for his termination.

7  **3.    DISPUTED FACTUAL AND LEGAL ISSUES**
8  The principle legal and factual disputes in this case are:
9  • Whether Plaintiff suffered unlawful harassment due to his protected activities
10  or membership in a protected category;
11  • Whether Plaintiff was terminated by Defendant in retaliation for making an
12  EEOC complaint or engaging in other protected activities;
13  • Whether Plaintiff was terminated by Defendant in retaliation for suffering
14  from a disability;
15  • Whether Plaintiff suffered from a disability;
16  • Whether Plaintiff's claims are time barred under the applicable statute of
17  limitations;
18  • Whether Plaintiff exhausted the required administrative remedies for each of
19  his claims;
20  • Whether Plaintiff's claims are preempted by the California Workers
21  Compensation Act;
22  • Whether Plaintiff was terminated by Defendant because of threats against
23  other employees;
24  • Whether Plaintiff has suffered any legally compensable damages as a result of
25  any act or omission by Defendant.

26  **4.    MOTIONS**
27  There are no current motions before the court.  Defendant will file a motion for
28  summary judgment or motion for partial summary judgment.  Defendant also may file a motion to

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

FIRMWIDE:86011251.1 023404.1053          2.          Case No. CV 08 1769 JW (HRL)

CASE MANAGEMENT STATEMENT

1    prevent Plaintiff from exceeding the discovery limits imposed by the Federal Rules of Civil

2    Procedure by conducting discovery in his pending workers' compensation cases to prosecute his

3    Title VII case in this Court.

4    **5.    AMENDMENT OF PLEADINGS**

5    There are no current or expected amendments to the pleadings at this time.    The

6    parties will meet and confer in the event either party seeks to add new parties, claims, or defenses.

7    **6.    EVIDENCE PRESERVATION**

8    The parties have made efforts to preserve both electronic and other evidence,

9    including putting a destruction hold on potentially relevant electronic and other information and

10   documents.

11   **7.    DISCLOSURES**

12   The parties agree to exchange initial disclosures on or before August 31, 2008.

13   **8.    DISCOVERY**

14   No discovery has taken place to date.    The parties have generally agreed to conduct

15   discovery within the limitations of the Federal Rules of Civil Procedure.    However, Defendant

16   believes that the parties should be limited to no more than five depositions while Plaintiff wants to

17   take as many depositions as permitted by the Federal Rules of Civil Procedure.    The parties have

18   also agreed that discovery will be limited to the claims and defenses raised in the parties' pleadings.

19   Any information stores in an electronic format will be produced in a hard copy or by PDF.    The

20   parties have also agreed to revisit the limitations on discovery in the event either party needs to

21   conduct discovery in excess of the limits imposed by the Federal Rules of Civil Procedure.

22   Defendant believes that Plaintiff may try to exceed the discovery limits imposed by

23   the Federal Rule of Civil Procedure by conducting discovery in his workers' compensation

24   proceedings to obtain evidence in support of this matter.    Defendant may seek a protective order

25   limiting Plaintiff's discovery in his workers' compensation action only to those issues unique to his

26   workers compensation proceedings.    Otherwise all discovery must be limited as provided by the

27   Federal Rules of Civil Procedure, even if the discovery could be used in both matters.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

FIRMWIDE:86011251.1 023404.1053          3.          Case No. CV 08 1769 JW (HRL)

CASE MANAGEMENT STATEMENT

1    **9.    CLASS ACTION**

2    This is not a class action.

3    **10.    RELATED CASES**

4    Plaintiff currently has pending workers compensation cases before the California

5    Workers Compensation Appeals Board.  The first case seeks recovery for workplace injuries caused

6    by alleged harassment in the workplace.  The second case is pursuant to California Labor Code

7    section 132a based on alleged retaliation by Defendant for Plaintiff's previous workers'

8    compensation claims.

9    **11.    RELIEF**

10    Plaintiff's prayer for relief is contained on page 3 of the Complaint.  Plaintiff is

11    seeking such relief as may be appropriate, including injunctive orders, damages, costs and attorney

12    fees.  Because no discovery responses have been exchanged in this case, the parties are unable to

13    calculate the claimed damages at this time.  Defendant has not filed a counter claim and is therefore

14    not seeking any affirmative relief from the Court in this matter at this time.

15    **12.    SETTLEMENT AND ADR**

16    The parties have not held settlement discussions.  The parties have agreed to

17    participate in Early Neutral Evaluation as the ADR process.

18    **13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

19    The matter has been assigned to the Honorable U.S. District Court Judge James Ware.

20    Plaintiff and Defendant do not consent to assignment to a Magistrate Judge for all purposes.

21    **14.    OTHER REFERENCES**

22    The parties do not agree to binding arbitration, nor do they believe this matter is

23    suitable for reference to a special master, or the Judicial panel on Multidistrict Litigation.

24    **15.    NARROWING OF ISSUES**

25    The parties agree it is too early in the litigation to determine whether issues can be

26    narrowed for trial to expedite the presentation of evidence.  The parties agree to work in good faith

27    to determine if any issues may be narrowed as the case progresses.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

FIRMWIDE:86011251.1 023404.1053                4.                Case No. CV 08 1769 JW (HRL)

**CASE MANAGEMENT STATEMENT**

16.    **EXPEDITED SCHEDULE**

The parties do not believe this matter can be resolved in an expedited schedule.

17.    **SCHEDULE**

The parties propose the following schedule:.

- Discovery completed – May 31, 2009;
- Designation of experts – May 31, 2009;
- Expert discovery completed – June 30, 2009;
- Hearing on dispositive motions – July 27, 2009;
- Proposed trial date – September 28, 2009.

18.    **TRIAL**

Plaintiff has demanded a jury trial.    The parties anticipate the trial will last approximately five days.

19.    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendant filed its "Certification of Interested Entities or Persons" pursuant to Civil L.R. 3-16 on August 12, 2008.    Plaintiff will file his Certificate prior to the Case Management Conference.

Dated: August 14, 2008

/s/ Robert J. Wilger
ROBERT J. WILGER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
HSBC, INC.

Dated: August 14, 2008

/s/ Prasad Shankar
PRASAD SHANKAR, In Pro Se

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose CA 95113 2303
408 998 4150

**PROOF OF SERVICE BY MAIL**

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 West San Fernando Street, 15th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On August 14, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

JOINT CASE MANAGEMENT STATEMENT

in a sealed envelope, postage fully paid, addressed as follows:


Prasad Shankar
2701 East Brookshire, Apt. 201
Sioux Falls, SD 57103


Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 14, 2008, at San Jose, California.


_____
Jan M. Gaeden

Firmwide:85288514.1 023404.1053

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose CA 95113 2303
408 998 4150